IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

BILLY FITZGERALD, AS WRONGFUL
DEATH BENEFICIARY OF KENNETH
FITZGERALD, DECEASED, AND ON
BEHALF OF OTHER WRONGFUL
DEATH BENEFICIARIES                                                                                  PLAINTIFF

V.                                                                             CAUSE NO.   2:20-cv-3-KS-MTP

JONES COUNTY VOLUNTEER FIRE
DEPARTMENT COUNCIL, ANTHONY
PITTS AND JOHN DOES 1-10                                                                            DEFENDANTS

**NOW COMES** Plaintiff, Billy Fitzgerald, as statutory wrongful death beneficiary of Kenneth Fitzgerald, Deceased, through counsel, and files this action against Defendants Jones County Volunteer Fire Department Council, Anthony Pitts and John Does 1-10. In support thereof, Plaintiff shows the following:

**PARTIES**

**1.**

Billy Fitzgerald is an adult resident citizen of the state of Louisiana. He is the natural brother and statutory wrongful death beneficiary of Kenneth Fitzgerald, Deceased.

**2.**

Jones County Volunteer Fire Department Council ("JCVFD") is non-profit corporation formed under the laws of the State of Mississippi and a political subdivision of the State of Mississippi with its principal place of business located at 415 North Fifth Avenue, Laurel, Mississippi.  JCVFD may be served with process by any means permitted at law.

**3.**

Defendant Anthony Pitts, on information and belief, is an adult resident citizen of the State

of Mississippi. Defendant Pitts ("Pitts") may be served with process at 659 Service Road, Laurel, Mississippi, or in any other method permitted at law.

4.

Defendant John Does 1-10 are fictitious Defendants, the true identity of each is unknown to Plaintiff, and who are parties herein pursuant to Rule 9(h) of the Mississippi Rules of Civil Procedure. More specifically, John Doe Defendants constitute the class of organizations, companies, or individuals unknown to Plaintiff at this time that through their negligence, conspiracy, concealment, or otherwise caused Plaintiff's damage or delayed Plaintiff's access to judicial relief. Plaintiff reserves the right to amend the Complaint upon discovery of the true identity of each fictitious Defendant.

5.

At all times relevant to this action, Defendant JCVFD'S agent or employee, Anthony Pitts, was acting in the scope of his agency and employment with JCVFD. Accordingly, Defendant JCVFD is vicariously responsible for the alleged acts and omissions of its employee/agent, as well as any other employees, agents, individuals, or managers that were negligent while acting on behalf and for JCVFD.

**JURISDICTION AND VENUE**

6.

Pursuant to the provisions of 28 U.S.C.A. § 1332 and Miss. Code Ann. § 11-46-13(1) this Court has jurisdiction over the parties and subject matter of this suit. Venue is proper pursuant to Miss. Code Ann. § 11-46-13(2), as the incident that is the basis of the suit occurred in Jones County, Mississippi.

## FACTS

**7.**

On or about January 14, 2019, at approximately 5:50 p.m., near Laurel, Jones County, Mississippi, a Ford F-350 (the "fire truck") owned by the Jones County Volunteer Fire Department Council struck a Chevrolet Silverado owned by Deepwell Energy Services, LLC ("Deepwell"). Occupying the fire truck was its driver, Anthony Pitts and two passengers, Matthew Blake Todd and Alexandria "Andrea" Sherman. The Deepwell vehicle was being operated by Gary Thornton and was occupied with front-right seat passenger, Kenneth Fitzgerald.

**8.**

The accident occurred as the fire truck traveled south on Hwy 28, ran a red light and entered the intersection of Hwy 28 and Hwy 84, where the Deepwell vehicle was eastbound under green light on Hwy 84 in the outside lane.

**9.**

Defendant Pitts was in the course and scope of his employment and was operating the fire truck for, with the authorization and at the direction of JCVFD at the time this incident occurred.

**10.**

At all relevant times hereto, Kenneth Fitzgerald did not cause or contribute to the subject collision.

**11.**

Kenneth Fitzgerald sustained serious injury and mortal wounds as a result of the fire truck's operation. These injuries eventually claimed his life after several days of pain and suffering in intensive care.

**12.**

At all relevant times, Defendant Pitts was operating the fire truck with reckless disregard, without due care and at a speed that was unsafe for the conditions and/or for the roadway in question when he willfully and wantonly entered the intersection on a red-light with a conscious indifference to other motorists. Defendant Pitts' actions were with such conscious indifference to the consequences that they were tantamount to willingly committing harm. As a result of said negligence, Defendant Pitts wrongfully entered Kenneth Fitzgerald's lane of travel, struck his vehicle and ultimately took his life.

## CAUSES OF ACTION

I.  **Negligence of Defendant Pitts**

**13.**

Plaintiff adopts and incorporates herein by reference the allegations in paragraphs 1 through 12 of this Complaint.

**14.**

Defendant Pitts owed the following duties, *inter alia,* to Kenneth Fitzgerald:

(i)   To exercise reasonable, ordinary care in the operation of his vehicle;

(ii)  To exercise the same care that a reasonably prudent person would under like circumstances;

(iii) To exercise reasonable, ordinary care to keep a proper lookout for other vehicles;

(iv)  To exercise proper caution upon entering an intersection on a red traffic signal;

(v)   To exercise and maintain proper control of his vehicle; and,

(vi)   Other breached duties to be shown at trial.

**15.**

Defendant Pitts had a duty to act as a reasonably prudent person under like circumstances; he owed this duty to Kenneth Fitzgerald. Defendant Pitt breached every duty as listed above, and by doing so caused the death of Kenneth Fitzgerald.

**16.**

The direct and proximate causes of Kenneth Fitzgerald's injuries was the Defendant's negligent acts. But for this reckless disregard and conscious indifference, the harm suffered by Kenneth Fitzgerald could have been avoided.

II.   **Negligence *Per Se* of Defendant Pitts**

**17.**

Plaintiff adopts and incorporates herein by reference the allegations in paragraphs 1 through 17 of this Complaint.

**18.**

Defendant Pitts' operation of the fire truck constituted negligence *per se*, including, *inter alia*, the following:

(i)    Violating Miss. Code Ann. §§ 63-3-1201, 1203;

(i)    Violating Miss Code Ann. § 63-3-801;

(ii)   Violating Miss. Code Ann. §§ 63-3-313, 315; and,

(iii)  Other acts of negligence *per se* to be shown at trial.

**19.**

Defendant Pitts' failure to comply with the aforementioned statutes constitutes negligence *per se* because it resulted in the type of harm the statutes were designed to prevent, and Kenneth Fitzgerald was within the class of persons the statues were intended to protect.

**20.**

The direct and proximate causes of Kenneth Fitzgerald's injuries was the Defendant's violation of the aforementioned statutes. But for this reckless disregard and conscious indifference, the harm suffered by Kenneth Fitzgerald could have been avoided.

**II.    Negligent Hiring or Rentention by Jones County Volunteer Fire Department Council**

**21.**

Plaintiff adopts and incorporates herein by reference the allegations in paragraphs 1 through 20 of this Complaint.

**22.**

JCVFD hired Defendant Pitts as a fireman and/or emergency vehicle operator.

**23.**

Before employing Defendant Pitts, JCVFD had a non-delegable duty to use reasonable care in selecting a competent and careful individual to serve as a fireman and/or emergency vehicle operator.

**24.**

Defendant Pitts was unfit to serve as a fireman and/or emergency vehicle operator because, on information and belief, he was without adequate training on protocols and procedures of operating emergency vehicles and on responding to emergent situations because he improperly utilized his emergency vehicle and entered the intersection on a red-light with reckless disregard for other motorists.

**25.**

JCVFD knew or should have known of Defendant Pitts unfitness to serve as a fireman and/or emergency vehicle operator.

**26.**

JCVFD breached its non-delegable duty when it employed Pitts without establishing that Pitts was a competent and careful fireman and/or operator of emergency vehicles. JCVFD further breached its duty by negligently retaining Defendant Pitts despite his unfitness to serve as a fireman and/or emergency vehicle operator

**27.**

The direct and proximate causes or a proximate contributing cause of Kenneth Fitzgerald's injuries was JCVFD's negligent hiring and retention practices. But for this reckless disregard and conscious indifference, the harm suffered by Kenneth Fitzgerald could have been avoided.

**IV.    Negligent Training and Supervision by Jones County Volunteer Fire Department Council**

**28.**

Plaintiff adopts and incorporates herein by reference the allegations in paragraphs 1 through 27 of this Complaint.

**29.**

JCVFD had a non-delegable duty to take reasonable precautions to protect motorists such as Kenneth Fitzgerald from the improper operation of emergency vehicles by its employees and agents.

**30.**

On information and belief, Defendant Pitts was without adequate training and/or supervision on protocols and procedures of operating emergency vehicles and on responding to emergent situations because he improperly utilized his emergency vehicle and entered the intersection on a red-light with reckless disregard for other motorists.

**31.**

Defendant Pitts' misconduct and improper operation of the emergency vehicle was the result of JCVFD's negligent training and supervision of Defendant Pitts.

**32.**

The direct and proximate causes or a proximate contributing cause of Kenneth Fitzgerald's injuries was JCVFD's negligent hiring practices. But for this reckless disregard and conscious indifference, the harm suffered by Kenneth Fitzgerald could have been avoided.

### V.     Negligent Entrustment by Jones County Volunteer Fire Department Council

**33.**

Plaintiff adopts and incorporates herein by reference the allegations in paragraphs 1 through 32 of this Complaint.

**34.**

JCVFD supplied Defendant Pitts with the fire truck for use and operation by Defendant Pitts.

**35.**

JCVFD knew or should have known that Defendant Pitts would use the fire truck in a manner involving an unreasonable risk of harm because, on information and belief, he was without adequate training and/or supervision on protocols and procedures of operating emergency vehicles and on responding to emergent situations because he improperly utilized his emergency vehicle and entered the intersection on a red-light with reckless disregard for other motorists.

**36.**

The direct and proximate causes or a proximate contributing cause of Kenneth Fitzgerald's injuries was JCVFD's negligent entrustment of the fire truck to Defendant Pitts. But for this reckless disregard and conscious indifference, the harm suffered by Kenneth Fitzgerald could have

been avoided.

    VI.    **Respondeat Superior**

**37.**

Plaintiff adopts and incorporates herein by reference the allegations in paragraphs 1 through 36 of this Complaint.

**38.**

Defendant JCVFD is liable for the negligent acts and/or omission of its employees, agents, servants and assigns, including by not limited to the acts of Defendant Pitts, performed within the course and scope of their employment pursuant to the doctrine of respondeat superior.

## DAMAGES

**39.**

Plaintiff adopts and incorporates herein by reference the allegations in paragraphs 1 through 38 of this Complaint.

**40.**

The actions or inactions of Defendants were grossly negligent, evidenced reckless disregard and were willful and wanton as to the consequences and resulting harms; therefore, Plaintiff is entitled to punitive damages under authoritative law, including Miss. Code Ann. § 11-1-65, in an amount sufficient to punish Defendants and deter similar future conduct.

**41.**

As a direct and proximate result of the aforementioned incident and the negligence of Defendants, Billy Fitzgerald, individually and on behalf of other wrongful death beneficiaries of Kenneth Fitzgerald, Deceased, are entitled to the following damages, *inter alia,* pursuant to Miss. Code Ann. § 11-7-13:

    a.  The net present cash value of Kenneth Fitzgerald's life expectancy at the time of his

    death;

b. The loss of society, companionship, love and affection;

c. The physical, mental and emotional pain and suffering experienced by Kenneth Fitzgerald prior to his death;

d. The medical and funeral expenses incurred as a result of Kenneth Fitzgerald's death;

e. Any medical expenses incurred as a result of Kenneth Fitzgerald's injuries and death;

f. The present value of Kenneth Fitzgerald's right to live out his normal life expectancy;

g. The loss of all future earnings and services;

h. The present value of Kenneth Fitzgerald's loss of future enjoyment of life;

i. Punitive Damages, attorneys' fees, and costs to bring this action;

j. All other economic or non-economic damages that the Plaintiff may be entitled; and

k. Any other relief which the Court or jury deems just and appropriate in the premises.

## AD DAMNUM

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff demands judgment from Defendants for compensatory and exemplary damages for a reasonable and fair amount to be determined by a jury, plus pre-judgment interest, post-judgment interest, all costs and expenses associated with this action, costs of court, attorney's fees, and any other and further relief as provided under Miss. Code Ann. § 11-7-13 and that this Honorable Court may deem just and necessary under the premises.

**THIS,** the 10th day of January, 2020.

**Respectfully Submitted,**

**Billy Fitzgerald, individually and on behalf of all other wrongful death beneficiaries, Plaintiff**

By: <u>*/s/ G. Weathers Virden, Jr*</u>
    James R. Moore, Jr. (MSB #3445)
    G. Weathers Virden, Jr. (MSB #105200)
    Attorneys for Plaintiff

OF COUNSEL:

COPELAND, COOK, TAYLOR AND BUSH, P.A.
200 Concourse, Suite 200
1062 Highland Colony Parkway (39157)
Post Office Box 6020
Ridgeland, Mississippi 39158
Telephone No.: (601) 856-7200
Facsimile No.: (601) 856-7626
jmoore@cctb.com
wvirden@cctb.com